# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAUSTEVEION JOHNSON, | ) | |
| Plaintiff, | ) | 2:11-cv-00484-JCM-CWH |
| vs. | ) | |
| ALVAREZ, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

   This is a pro se civil rights action filed pursuant to 42 U.S.C. § 1983, by a Nevada state prisoner. On November 4, 2011, the court entered an order dismissing certain claims with prejudice, allowing several claims to proceed, and imposing a ninety-day stay. (ECF No. 10). The purpose of the stay is to allow plaintiff and defendants an opportunity to settle their dispute through mediation. The court's order of November 4, 2011 specified that during the ninety-day stay, no other pleadings or papers shall be filed in this case. (ECF No. 10, at p. 20).

   On January 17, 2012, plaintiff filed a motion for a preliminary injunction. (ECF No. 14). The court is particularly concerned with the plaintiff's allegations that recent events have occurred at High Desert State Prison causing him to fear for his physical safety. In his motion for a preliminary injunction, plaintiff alleges incidents of threats of violence as well as actual physical injury inflicted by the prison's correctional officers.

1    The court notes that, as explained in the screening order, the claims allowed to proceed in the
2 complaint include: (1) a claim for violation of plaintiff's free exercise of religion; (2) a RLUIPA
3 claim; (3) an excessive force claim; (4) claims of deliberate indifference to safety; (5) claims of
4 deliberate indifference to medical needs; and (6) retaliation claims. (ECF No. 10).
5    In his motion for a preliminary injunction, plaintiff alleges that, on December 30, 2011, as
6 plaintiff was returning to his unit from an Islamic prayer service, carrying his Islamic prayer rug,
7 correctional officer A. Nguyen stated: "Johnson, you fucking terrorist! I'll kill your ass sooner rather
8 than later." (ECF No. 14, at p. 4).
9    Plaintiff alleges that on January 1, 2012, he did not receive his Halal meal, in keeping with
10 his Islamic faith. Plaintiff was advised by correctional officer Collette to obtain an inmate grievance
11 form if his meal did not arrive. Not having received his Halal meal, plaintiff proceeded to the supply
12 closet in the housing unit where the grievance forms are located. Correctional officer A. Nguyen
13 asked plaintiff where he was going and plaintiff responded. As plaintiff continued to walk toward
14 the supply closet to obtain a grievance form, correctional officer Nguyen stated "Let's go terrorist!"
15 and began to "batter and physically assault plaintiff by punching plaintiff in his shoulder, while
16 simultaneously violently grabbing plaintiff's arm and twisting it, while trying to ram plaintiff into a
17 concrete wall." (ECF No. 14, at pp. 5-6). Plaintiff pulled his arm away from officer Nguyen and ran
18 away, causing several correctional officers to "violently attack" plaintiff even though he was on the
19 ground and attempting to show that he was not a threat. (*Id.*, at p. 6). Plaintiff alleges that
20 correctional officer Holliday then told him that "next time you want a grievance I'll kill you!" (*Id.*).
21 Plaintiff claims that he was violently attacked because he is a Muslim and because he attempted to
22 exercise his right to file an inmate grievance. (*Id.*). Plaintiff states that this incident occurred in Unit
23 10, on the C-pod, at High Desert State Prison. (*Id.*). Plaintiff further states that the entire incident
24 was recorded on video, which is now in the possession of Warden Dwight Neven. (*Id.*).
25    Moreover, plaintiff points out that his complaint included allegations that defendant Miller
26 slammed plaintiff's head inside a heavy metal cell door. (ECF No. 14, at p. 8). Plaintiff also points

1 to the portion of the complaint alleging that defendant correctional officer Conrad Schaff threatened
2 to "shoot and kill plaintiff with a .357 caliber gun," and that Schaff told plaintiff that "it will be easy
3 to kill plaintiff for plaintiff being African and Muslim, because Schaff has already killed many
4 Muslims while serving 17 years in the U.S. Army." (*Id.*, at pp. 8-9).  Plaintiff claims that the violent
5 pattern of behavior by the correctional staff at High Desert State Prison places him in imminent
6 danger of physical harm.

7       Additionally, plaintiff claims that correctional staff have charged him with disciplinary rule
8 violations in retaliation for plaintiff having exercising his right to practice his religion, and in
9 retaliation for plaintiff having exercised his right to file inmate grievances.  (ECF No. 14, at pp. 2, 3,
10 6, 8, 10).

11       Finally, in his motion for a preliminary injunction, plaintiff seeks pain medication and a
12 walking cane to treat injuries sustained during prior incidents of excessive force and deliberate
13 indifference by prison correctional staff.  (ECF No. 14, at p. 11).  These allegations are also outlined
14 in the complaint and this court has allowed these claims to proceed.  (ECF No. 10).

15       For the sake of completeness, the court notes that plaintiff also seeks return of certain items
16 of property that plaintiff alleges that defendants are withholding from him.  These items include
17 earphone buds, large headphones, and a clock radio.  (ECF No. 14, at pp. 7, 10, 11).

18       Because plaintiff's motion for a preliminary injunction includes detailed allegations of threats
19 of violence and actual physical injury to plaintiff, as well as plaintiff's request for medication and a
20 walking cane to treat his prior injuries, this court deems it necessary for defendants to file a written
21 response to the motion for a preliminary injunction.  By this order, the court allows a limited
22 exception to the ninety-day stay in this action.  In filing a response to plaintiff's motion, defendants
23 shall address each issue raised in the motion, paying particular attention to the allegations outlined in
24 this order.  The court will allow plaintiff an opportunity to file a reply to defendants' response, as
25 specified below.
26 / / / / / / / / / /

1    **IT IS THEREFORE ORDERED** that the court **GRANTS A LIMITED EXCEPTION** to
2 the ninety-day stay imposed in this action, for the purpose of resolving plaintiff's motion for a
3 preliminary injunction (ECF No. 14).

4    **IT IS FURTHER ORDERED** that within **seven (7) days** from the date of issuance of this
5 order, defendants **SHALL FILE** a response to plaintiff's motion for a preliminary injunction.
6 Defendants' response **SHALL ADDRESS** the specific issues outlined in this order, including: (1)
7 threats of physical violence and instances of actual physical violence against plaintiff; (2) plaintiff's
8 assertion that he has been subject to disciplinary charges stemming from a retaliatory motive; and (3)
9 plaintiff's need for medical treatment in the form of medication and a walking cane.

10    **IT IS FURTHER ORDERED** that plaintiff's reply to defendants' response, if any, **SHALL**
11 be filed not later than **five (5) days** after being served with defendants' response.

12    Dated this __19th__ day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE