# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON, | ) |
| Plaintiff, | ) 2:11-cv-00484-JCM-CWH |
| vs. | ) |
| ALVAREZ, *et al.*, | ) **ORDER** |
| Defendants. | ) |

This is a pro se civil rights action filed pursuant to 42 U.S.C. § 1983, by a Nevada state prisoner. Before the court is plaintiff's motion for a preliminary injunction. (ECF No. 14).

**I. Procedural History**

On November 4, 2011, the court entered a screening order, dismissing certain claims of the complaint with prejudice, allowing several claims to proceed, and imposing a ninety-day stay. (ECF No. 10). On January 17, 2012, plaintiff filed a motion for a preliminary injunction. (ECF No. 14). In his motion for a preliminary injunction, plaintiff alleges incidents of threats of violence as well as actual physical injury inflicted by correctional officers at High Desert State Prison (HDSP). On January 19, 2012, this court directed defendants to file a response to plaintiff's motion within seven days, specifically addressing: (1) threats of physical violence and instances of actual physical violence against plaintiff; (2) plaintiff's assertion that he has been subject to disciplinary charges stemming from a retaliatory motive; and (3) plaintiff's need for medical treatment in the form of

medication and a walking cane. (ECF No. 15). Plaintiff's reply was due five days after being served with defendants' response. (*Id.*).

On January 26, 2012, the office of the attorney general filed a response in opposition to plaintiff's motion for a preliminary injunction. (ECF No. 16).[1] Plaintiff filed a reply on February 2, 2012. (ECF No. 19).

**II. Discussion**

    **A. Preliminary Injunction Legal Standard**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status *quo pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979).

---

[1] The response to plaintiff's motion notes the following: "The State of Nevada, Office of the Attorney General, has neither entered a general appearance nor accepted service on behalf of any of the named defendants, and this Response shall not be construed as such." (ECF No. 16, at p. 6, lines 7-9).

"[I]n doubtful cases" a mandatory injunction will not issue. *Id*.

Moreover, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore*, 220 F.3d at 999.

### B. Analysis in the Instant Case

In plaintiff's motion for a preliminary injunction, plaintiff alleges incidents of threats of violence as well as actual physical injury inflicted by correctional officers at High Desert State Prison. As an initial matter, defendants ask the court to take judicial notice of two of plaintiff's other prisoner civil rights cases pending in this court: *Johnson v. Nash*, 3:10-cv-197-RCJ-VPC and *Johnson v. Alcindor*, 2:10-cv-2143-JCM-GWF. The court may take judicial notice of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981). The court takes judicial notice of *Johnson v. Nash*, 3:10-cv-197-RCJ-VPC and *Johnson v. Alcindor*, 2:10-cv-2143-JCM-GWF.

#### 1. Plaintiff Seeks Injunctive Relief Against Non-Defendants

First, plaintiff seeks an injunction against persons not named as parties in this lawsuit. Specifically, plaintiff asks this court to enjoin correction officers Nguyen and Holliday from attacking or killing him because he is an African Muslim. Courts may not rule on the rights of persons not currently before them. *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir.

1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). As officers Nguyen and Holliday are not parties to this action, the court may not fashion injunctive relief that affects the rights of these individuals. Additionally, a court order directing these correctional officers to refrain from killing plaintiff would be duplicative of the state's penal code which prohibits homicide. NEV. REV. STAT. § 200.030 (2009).

### 2. Plaintiff Seeks to Enjoin Conduct Unrelated to this Litigation

Second, the conduct that plaintiff seeks to enjoin is not related to the underlying lawsuit. Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint. Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

Pursuant to this court's screening order of November 4, 2011, the following claims in the complaint were allowed to proceed in this action: (1) in count III, a claim for violation of plaintiff's free exercise of religion against defendants Lindsey, Calderon, Nash, Day, Hinds, Harms, Backer, Schaff, Carpenter, Fowler, and Neven; (2) in count VI, a RLUIPA claim against defendants Lindsey, Nash, Scillia, Cox, Day, Hinds, Harms, Marrow, Carpenter, Baker, Schaff, Neven, Calderon, and Fowler; (3) in count VIII, an Eighth Amendment excessive force claim against defendant Miller for allegedly slamming plaintiff's head inside a heavy metal cell door on April 18, 2010, and a deliberate indifference to safety claim against defendants Nash and Triggs related to that alleged incident; (4) in count IX, claim of deliberate indifference to safety claim, stemming from plaintiff's injuries on October 20, 2009, when he fell off his top bunk, against defendants Alvarez, Nash, Cox, and Scillia;

4

(5) in count IX, a claim of deliberate indifference to medical needs, stemming from his head injury on April 18, 2010, against defendants Miller, Neven, Scillia, Carpenter, Cox, and Skolnik; and (6) in count IX, a claim of deliberate indifference to plaintiff's need for mental health treatment, against defendants Neven and Scillia; and (7) in count X, a retaliation claim against defendants Lindsey, Nash, Hinds, Alvarez, Miller, Harms, Baker, Schaff, and Neven. (ECF No. 10).

In his motion for a preliminary injunction, under the heading "description of relief sought," plaintiff asks this court to issue an order to defendants Howard Skolnik, Dwight Neven, Cole Morrow, and Jennifer Nash, to: (1) "stop correctional officers from filing charges against plaintiff for plaintiff exercising his right to practice his religion, and his right to file grievances;" (2) "To stop correctional officers, sgt.'s and lt.'s from finding plaintiff guilty of charges because plaintiff is a Muslim and because he files grievances;" (3) "To please stop NDOC, HDSP correctional officers from violently attacking, battering, and assaulting plaintiff, solely because of plaintiff exercising his right to be Muslim and practice Islam, and for plaintiff requesting and filing grievances;" (4) To issue plaintiff back his Koss ear buds and Koss large $28.03 headphones . . . and his $12.00 clock radio;" (5) "To stop c/o Holliday from fulfilling his promise of killing plaintiff, for plaintiff filing grievances; (6) "To stop any NDOC employee from killing plaintiff for being a Muslim and for practicing Islam;" (7) "For Howard Skolnik, Dwight Neven, Cole Morrow, and Jennifer Nash to issue plaintiff pain pills for his back and neck injuries – injuries received from c/o A. Nguyen, violently attacking, battering, and assaulting plaintiff, for plaintiff being a Muslim and for filing a grievance or attempting to file a grievance;" (8) "To issue plaintiff a walking cane, because some days it's hard for plaintiff to stand up straight or hold his balance because of this _new_ back injury;" (9) "For c/o Holliday, not to be allowed to kill plaintiff because plaintiff files grievances;" (10) "For c/o Nguyen, not to be allowed to violently attack, batter, or assault plaintiff, for plaintiff being a Muslim and for wanting to file grievances;" and (11) "For Neven to return plaintiff's ear buds, headphones, and clock radio." (ECF No. 14, at pp. 10-11).

While plaintiff's complaint contains claims regarding religious freedom, excessive force,

deliberate indifference to medical needs, and retaliation, much of the relief plaintiff seeks in the motion for a preliminary injunction goes beyond what was pled in the complaint.  Notably, plaintiff's request for an order to prevent unidentified correctional officers, as well as correctional officers Holliday and Nguyen, from harming him are matters that exceed the scope of the complaint.  In his motion, plaintiff infers that several incidents that were not alleged in the complaint are part of a "campaign of harassment" against him, but this court is unconvinced that such a relationship between these matters exists.  Plaintiff may not file a complaint in federal court and then use the action as a forum for airing unrelated grievances concerning his incarceration.  Such complaints are properly addressed through the prison grievance system, and if they remain unresolved, by filing a new civil rights action.  The court now addresses specific issues raised in plaintiff's motion for a preliminary injunction.

### 3. Alleged Retaliatory Disciplinary Actions

The Court has reviewed the disciplinary history report for plaintiff submitted in response to the motion for preliminary injunction.  (Exhibit C-2).[2]  There are no charges for an offense in custody (OIC) on August 18, 2010, as plaintiff alleges at pages 2-3 of his motion for a preliminary injunction.  The report shows OIC #313110, dated August 15, 2010, which corresponds to plaintiff's claim that defendant Baker filed a notice of charges against him for participating in the Ramadan fast, as plaintiff alleges in his motion for a preliminary injunction.  (Exhibit C-2 & ECF No. 14, at pp. 2-3).  The notice of charges for OIC #313110 was written by correctional officer Baker, as follows:

> On August 15, 2010 at approximately 8:10 pm while assigned to search and escort at High Desert State Prison I Correctional Officer Baker informed the inmates participating in Ramadan in dining hall E to depart the dining hall and head back to the unit.  The inmates refused and inmates Johnson #82138 and [another inmate] started verbally arguing with me about not getting enough to eat.  I informed all the inmates the official sunset time set by the department was 7:34 pm for August 15, 2010.  They received their trays at 7:34 pm and

---

[2] The exhibits referenced in this order are in the court's record at ECF No. 16-1 through 16-17.

> were given until 8:10 pm to finish. I informed the inmates they were given 34 minutes to finish their meals. I again ordered the inmates to depart the culinary. The inmates refused at first until I informed them they would all be placed into restraints if they continue[d] to refuse to leave the dining hall and then would be taken to operations. The inmates then followed my orders and departed the culinary and returned to their unit.

(ECF No. 49, Exhibit A, in case no. 3:10-cv-197-RCJ-VPC). Plaintiff contends that he was found guilty of the disobedience charges for OIC #3131100 "solely because plaintiff is a Muslim practicing his religious beliefs and because Lt. Conrad Schaff is Catholic." (ECF No. 14, at p. 3). For purposes of plaintiff's motion for preliminary injunction, the notice of charges and the finding of guilt on this disciplinary charge based on the events of August 15, 2010, appears to be an isolated incident. The disciplinary charge is insufficient grounds for the court to enter an order enjoining defendants or other NDOC employees from filing disciplinary reports against plaintiff.

Plaintiff's disciplinary history report also shows OIC #339907, dated January 1, 2012, which corresponds to plaintiff's claim that correctional officer Nguyen wrote a notice of charges against him on January 1, 2012. (Exhibit C-2 & ECF No. 14, at p. 6). The notice of charges for OIC #339907 was written by correctional officer Nguyen on January 1, 2012, and appears as follows:

> I, Correctional Officer Trainee, A. Nguyen, at High Desert State Prison, was assigned to Unit 10 Floor on January 1, 2012. Approximately around 3:15 pm, I was doing a recall in C-Pod Unit 10. Inmate Johnson, Lausteveion #82138 U10-C8 was walking towards the sally port. I asked him, "Where are you going?" his response was, "Going to get my kosher tray." I order[ed] him back to his cell several times, but he refuse[d] to comply to the command. I told me [sic] him to follow me out of the sally port, that was when I place[d] my right hand on his left shoulder. He shrugged me off and threw me off balance and I hit my leg on the metal seat of the dining table. Inmate Johnson took off running towards the sally port. I caught up with him in the sally port and against he shrugged me off and ran past Officer Collette and down the hallway and out of Unit 10. He surrender[ed] a short distance in front of Unit 10. Several officer[s] came to aid me in restraining inmate Johnson. After all of the commotion was over I felt pain on my lower left shin.

(Exhibit C-3, Notice of Charges). The court has reviewed the video recordings of the incident from various cameras at High Desert State Prison, which were submitted by defendants in response to plaintiff's motion for a preliminary injunction. (Exhibit C-5). The video recordings corroborate

7

correction officer Nguyen's statement in the notice of charges.  The disciplinary charge and finding of guilt do not appear to be based on malicious animus, as plaintiff suggests.  As such, the disciplinary charge and finding of guilt are insufficient grounds for the court to enter an order enjoining defendants or other NDOC employees from filing disciplinary reports against plaintiff.

As to plaintiff's allegation that his right to file grievances is being impeded by correctional staff, respondents have presented the 215-page inmate history report for plaintiff, printed from the NOTIS electronic database for the period from January 1, 2009 through January 19, 2012.  (Exhibits C and C-1).  The report contains 259 separate grievances filed by plaintiff.  (Exhibits C and C-1).  This evidence satisfies the court that plaintiff's right to file inmate grievances has not been impeded, and is not currently being impeded.  As to plaintiff's assertion that he has been subject to retaliatory disciplinary charges and that his ability to file grievances is impeded, plaintiff has not met the standard required for preliminary injunctive relief.

### 4. Alleged Violence and Threats of Violence

In both the complaint and in the instant motion for a preliminary injunction, plaintiff alleges that on April 18, 2010, defendant Miller slammed his head inside a cell door.  (ECF No. 11, at pp. 49-50 & ECF No. 14, at p. 2).  Plaintiff's inmate grievance no. 2006-28-96909 regarding this incident was denied, based on the following finding:

> On May 5, 2010 your caseworker did call you into the office to look further into your claim that an officer had slammed a cell door on your head.  It was during this interview that you did state that you had placed your head into the path of the door in order to avoid being locked in your cell because you were slow in retrieving your towel and other personal hygiene items.  You have failed to demonstrate any wrong doing on the part of any of the staff at High Desert State Prison as you did voluntarily place yourself in the path of a closing cell door.  Your issue is invalid your grievance is denied.

(Exhibit C-1, at p. 106).  The court does not make a determination on the ultimate issue of plaintiff's claim of excessive force at this time.  However, based on the evidence before the court at this juncture, the allegation that defendant Miller used excessive force against plaintiff on April 18, 2010, is insufficient to warrant preliminary injunctive relief.

Plaintiff alleges that defendant Schaff made threats of violence against him on September 10, 2010. (ECF No. 14, at p. 2, 8-9). However, in the motion for preliminary injunction, defendant Schaff is not one of the named defendants against which plaintiff seeks to enjoin conduct. Moreover, there is no evidence that defendant Schaff has inflicted or will inflict any violence upon plaintiff. Plaintiff's bare allegations are hardly sufficient grounds to issue preliminary injunctive relief.

Plaintiff alleges that officer Nguyen made threats of violence against him on December 30, 2011, and that he inflicted physical violence on plaintiff on January 1, 2012. (ECF No. 14, at pp. 4-6). The video recordings and notice of charges regarding the January 1, 2012, referenced earlier in this order, contradict plaintiff's unsworn allegations made in the motion for injunctive relief. (Exhibit C-5 & C-3). Officer Nguyen is not a defendant to this action, as noted earlier in this order. Given the evidence before the court, plaintiff's allegations regarding threats of violence and violence by officer Nguyen fail to meet the standard necessary for preliminary injunctive relief.

### 5. Alleged Need for Medical Treatment

In his motion for a preliminary injunction, plaintiff asks this court to order defendants Skolnik, Neven, Morrow, and Jennifer Nash "to issue pain pills for his back and neck injury – injuries received from c/o A. Nguyen, violently attacking, battering, and assaulting plaintiff." (ECF No. 14, at p. 10). Plaintiff also asks the court to order defendants Skolnik, Neven, Morrow, and Nash "to issue plaintiff a walking cane, because some days it's hard for plaintiff to stand up straight or hold his balance because of this <u>new</u> back injury." (ECF No. 14, at p. 11) (emphasis in original).

In the video recordings of the incident on January 1, 2012, plaintiff is observed running from correctional officers without an apparent impediment. (Exhibit C-5). According to the declaration of Doni Kae Jennings, Director of Nursing at HDSP, following the incident on January 1, 2012, plaintiff was examined by medical staff. (Exhibit D, at ¶ 7). Plaintiff complained of back pain, and a history of his lower back pain was noted. (*Id.*, at ¶ 8). The physical examination on January 1, 2012, "revealed no visible back injury, a non-tender back on palpation, and that [plaintiff] was able

to ambulate without difficulty." (*Id.*). On January 1, 2012, plaintiff was issued a "pain pack," consisting of 28 tablets of Motrin, with instructions to take 1 to 2 tablets every 4 to 6 hours as needed for lower back pain. (*Id.*, at ¶ 4). The Jennings' declaration goes on to state: "There is nothing within the medical file of Inmate Johnson (#82138) which suggests that any medical care was requested, or provided, between the dates of January 2, 2012, and January 11, 2012." (*Id.*, at ¶ 9). On January 12, 2012, plaintiff submitted a "kite" requesting pain medication and a walking cane. (*Id.*, at ¶ 10). Pursuant to that request, plaintiff was scheduled for a medical visit on January 24, 2012, but he was not able to be seen on that date because his housing unit was on lockdown status. (*Id.*, at ¶ 11). Plaintiff is scheduled to be seen by medical staff as soon as his housing unit is taken off of lockdown. (*Id.*, at ¶ 12). As of January 25, 2012, plaintiff's housing unit was still on lockdown. (*Id.*, at ¶ 13).

Given the information provided by HDSP Nursing Director Jennings, plaintiff received a medical examination following the altercation with correctional officers on January 1, 2012, and he received pain medication for his complaints of lower back pain. Plaintiff's request for a walking cane presumably will be addressed at his next visit with medical staff. The court is satisfied that injunctive relief is not warranted, as prison medical staff are adequately addressing plaintiff's back pain complaint, including his request for medication and a walking cane.

### 6. Alleged Withholding of Property

Plaintiff seeks the return of property he claims was either stolen, destroyed by, or given away by prison staff, including ear buds, a clock radio, headphones. (ECF No. 14, at pp. 7, 10). Plaintiff's alleged deprivation of property cannot be addressed through a motion for preliminary injunction in this case. This court dismissed plaintiff's deprivation of property claim in the screening order of November 4, 2011. (ECF No. 10, at pp. 10-11). A plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no

preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same). As such, plaintiff's request for a preliminary injunction directing the return of personal property is denied.

### C. Plaintiff Fails to Satisfy Requirements for Preliminary Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

In his motion, plaintiff asserts that he is likely to succeed on the merits "because in mostly all of the claims mentioned herein, the defendants either admitted in part to the alleged offense, or it's documented." (ECF No. 14, at p. 8). Much of the documentation submitted by defendants in their opposition contradicts plaintiff's allegations, as discussed earlier in this order. Plaintiff has not met his burden of demonstrating that he is likely to succeed on the merits of this case for the purpose of obtaining a preliminary injunction.

Plaintiff asserts that he has already suffered irreparable harm and will continue to suffer irreparable harm if a preliminary injunction is not granted, due to "inordinately oppressive and violent patterns of the violations of plaintiff's rights." (ECF No. 14, at p. 9). Allegations of past physical violence do not demonstrate that plaintiff is likely to suffer irreparable harm in the absence of an order granting injunctive relief. "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." *Mayfield v. U.S.*, 599 F.3d 964, 970 (9th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)). Plaintiff's speculation about what might happen to him in the future is insufficient to establish irreparable harm. "Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a real or immediate threat . . . that he will again be

11

wronged in a similar way." *Mayfield*, 599 F.3d at 970 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1993)). In the instant case, plaintiff has failed to demonstrate the existence of an actual immediate harm or a credible and real threat of future harm.

Plaintiff contends that: "The threat of harm that plaintiff faces is greater than the harm the prison officials will face if plaintiff receives his preliminary injunction, because they will suffer no harm." (ECF No. 14, at p. 9). The court must give substantial weight to any adverse impact on public safety and the operation of the criminal justice system that may be caused by granting preliminary injunctive relief. 18 § U.S.C. 3636(a)(2). Plaintiff has not demonstrated that the balance of equities tips in his favor.

Finally, plaintiff asserts that: "A preliminary injunction will serve the public interest, because it will secure that the rights of a U.S. citizen will be preserved." (ECF No. 14, at p. 9). Plaintiff's motion seeks to enjoin the actions of individuals who are not defendants to this action, and seeks injunctive relief that, in part, is unrelated to the underlying litigation. Such injunctive relief would not serve the public interest. Plaintiff's motion fails to meet the required standards for granting preliminary injunctive relief. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion for a preliminary injunction (ECF No. 14) is **DENIED.**

Dated this 7th day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE